AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Matthew David Tarrant | )   Case No. 6:25-mj-00038-HBK |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 29th, 2025 _____ in the county of _____ Mariposa _____ in the

_____ Eastern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 36 CFR 2.35(c) | Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited. |

This criminal complaint is based on these facts:

See attached complaint affidavit.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

S. Emley United States Park Ranger
_Printed name and title_

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

Date:  September   30, 2025

_____
_Judge's signature_

City and state:    Yosemite, CA

Helena M. Barch-Kuchta, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
## BACKGROUND OF AFFIANT

1. I, Sydney Patricia Emley, further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service ("NPS"). I am a commissioned Law Enforcement Officer with the National Park Service. At the time of arrest, I was field training in Yosemite National Park. I was trained in conducting investigations at the Federal Law Enforcement Training Center where I graduated in June of 2025. I am certified in Standardized Field Sobriety tests.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other LEOs. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

## JURISDICTION

3. The facts set forth in this criminal complaint occurred on September 29th, 2025, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, I believe probable cause existed to believe that Matthew David TARRANT, violated the following laws of the United States on September 19th, 2025 within Yosemite National Park:

   a. *36 CFR § 2.35 (c): Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited.*

## PROBABLE CAUSE

6. On September 29th, 2025 at approximately 1919 hours, United States Park Ranger (USPR) J. Blade, and I, USPR S. Emley responded to a report from Yosemite Emergency Communications Center (YECC) of a male, later identified as Matthew TARRANT by name and date of birth, who was believed to be heavily intoxicated and making verbal threats regarding his roommate. I arrived on scene at the Orchard Lot at approximately 1938 hours and spoke with Yosemite Hospitality night housing staff.

7. Adult witness 1 (AW1), a night housing employee, responded to a report of a verbal altercation in a Boystown Housing units between two roommates, T.T. and TARRANT. Boystown is an employee housing area in the jurisdiction of Yosemite National Park near Curry Village.

8. In an effort to rectify the situation AW1 and AW2 were attempting to locate a separate housing unit that TARRANT could go to for the night. As they were helping TARRANT

PAGE **2** OF **5**

move his belongings out of the house he began making threats toward his roommate stating

"I'm going to fucking kill him. He's going to get it. I didn't come here for this bullshit."

9. Adult witness 2 (AW2), a second night housing employee stated that as he was helping

TARRANT collect his belongings TARRANT became agitated and started yelling about his

roommate, T.T., stating "I'm going to kill him." approximately four times.

10. AW2 stated TARRANT was back inside his housing unit collecting the remainder of his

belongings. I went to Boystown Tent 7 and made contact with TARRANT as he was exiting

his tent. TARRANT was holding a can of beer and a bottle of rum, both were approximately

half full.

11. I informed TARRANT that I was police and needed to talk to him about what had happened.

I asked him to walk toward me and as he did so he stumbled. I then told TARRANT he was

being detained and asked him to face away from me. As he turned around he again stumbled

and had to step forward to catch himself from falling.

12. While performing a Terry frisk of TARRANT I could smell the odor of alcohol about his

persons. During the frisk TARRANT was mumbling incoherently about his roommate T.T.

being a criminal and the problem.

13. I interviewed TARRANT at a picnic table out front of unit 7. TARRANT's speech was

slurred throughout the duration of the interview. When prompted TARRANT stated that he

had drank "a lot" of beers but did not know exactly how many. When asked where he would

put himself on a scale from 1 to 10 with 1 being completely sober and 10 being the most

drunk you could be TARRANT stated that he was an 8. TARRANT repeatedly stated that he

was extremely intoxicated.

14. TARRANT consented to doing the horizontal gaze nystagmus (HGN) test to help gauge his level of impairment. After being instructed to keep his head still TARRANT repeatedly turned his head during the passes. After re-explaining the instructions TARRANT was unable to focus on the stimulus and continued to stare straight ahead as the tip of the pen moved laterally. I was unable to complete HGN. I observed TARRANT's eyes to be bloodshot and watery.

15. TARRANT consented to a preliminary breath test which registered .265 blood alcohol content.

16. TARRANT was placed under arrest and transported to Mariposa County Jail for booking.

17. Probable cause exists that TARRANT violated 36 CFR 2.35(c) by being under the influence of alcohol to a degree that may endanger oneself or another person when he made verbal threats about killing his roommate as well as exhibitted several indicators of heavy alcohol intoxication during our interaction.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause existed for the arrest of Matthew David Tarrant for being under the influence of alcohol to a degree that endangers himself or another within Yosemite National Park on September 29, 2025.

Respectfully submitted,

Sydney Emley
United States Park Ranger
National Park Service
September 29, 2025

PAGE 4 OF 5

1

2

3     Sworn to me in accordance with Fed.R.Crim.P. 4.1:

4

5     _Helena M. Barch-Kuchta_

6     HELENA M. BARCH-KUCHTA
      The Honorable

7     United States Magistrate Judge
      September 30, 2025

8

9     Approved as to form by:

10

11    BRIANA M. VOLLMER
      Acting Law Enforcement Specialist (Rule 180)

12    September 30, 2025

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAGE **5** OF **5**